IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL DEAN RIVERA,

                Plaintiff,

vs.                                              No. CIV 10-0305 WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

                Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Doc. 15], Defendant's Response [Doc. 16], Plaintiff's Reply [Doc. 17], the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted and that this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### <u>Background</u>

Plaintiff was born on March 23, 1963, and has past relevant work experience as a merchandise deliverer. Tr. 25. Plaintiff applied for benefits on January 4, 2008. Tr. 136. He alleged that he became disabled as of November 10, 2007. *Id.* Plaintiff alleged that he was disabled as a result of scrotum, right groin, and leg pain. Tr. 21, 258. Plaintiff's application was denied at the initial level on April 14, 2008, Tr. 74, and at the reconsideration level on May 21, 2008. Tr. 82. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). Tr. 88.

A hearing was held on October 20, 2009 before ALJ George W. Reyes, who heard testimony

from Plaintiff and a Vocational Expert ("VE").   Tr. 32-68.   The ALJ entered a decision on November 25, 2009 finding Plaintiff not disabled.  Tr. 18.  On January 20, 2010, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 6. The Appeals Council denied Plaintiff's request for review on February 26, 2010, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals.  Tr. 1. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence.  *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act.  *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity.  *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds

to step two.  *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe.  *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three.  *Id.* at 750-51.  At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment").  *Id.* at 751.  If so, the impairment is considered to be presumptively disabling.  *Id.*  If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work.  *Id.*

The claimant is not disabled if he or she can perform past work.  *Id.*  If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience."  *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)).  The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy."  *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that after the November 10, 2007 alleged onset date, Plaintiff engaged in substantial gainful activity from April to July 2009.  Tr. 20.  The ALJ found at step two that Plaintiff had the following severe impairments: a history of perforated diverticulitis; right groin and leg pain that appeared to be neurogenic; status post colostomy in June of 2006; status post colostomy reversal on November 3, 2006; and status post low anterior resection for anastomotic stricture with coloproctostomy on September 24, 2008.  Tr. 21.  The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or

3

medically equal any of the Listings.  Tr. 21.  At step four, the ALJ concluded that Plaintiff had the RFC to perform sedentary work that includes the following: "he can lift 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for 2 hours out of an 8 hour workday; he can sit for 6 hours out of an 8 hour workday; he can occasionally climb ramps and stairs; he cannot climb ropes, ladders or scaffolds; he is limited to occasional postural maneuvers such as kneeling, crouching and crawling.  Further, he can attend and concentrate for 2 hours at a time then he needs to take a break, then he can attend and concentrate for 2 hours at a time then he needs to take a break, and so on and so forth, until he completes an 8 hour workday.  Also, he is limited to occupations which allow brief access to a restroom every 2 to 2 and a half hours during the workday and is limited to tasks that are not performed in a fast paced production environment." Tr. 21. Given the RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 25. At step five, the ALJ used the Medical-Vocational Rules as a framework to find that Plaintiff was not disabled.  Tr. 25-26.

Plaintiff alleges the following: (1) the ALJ's reliance on vocational expert testimony is not substantial evidence; (2) the ALJ erred in assessing the medical evidence; (3) the ALJ applied an incorrect burden of proof at step five; (4) the ALJ's RFC finding is unsupported by substantial evidence and is contrary to law; and (5) the ALJ's credibility determination is contrary to substantial evidence.

## Analysis

## 1. The ALJ's Reliance on Vocational Expert Testimony is not Substantial Evidence.

Plaintiff claims that the ALJ's finding that the Plaintiff needed restroom breaks only every two to two and a half hours was not supported by substantial evidence.  As discussed below, this Court finds that the record was not adequately developed regarding the required frequency of

4

restroom breaks, and, accordingly, this case will be remanded for further development of this issue.

Applicable Law Regarding Failure to Develop the Record

Because a social security disability hearing is a nonadversarial proceeding, the ALJ bears the responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Services,* 13 F.3d 359, 360-61 (10th Cir. 1993). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Social Security Ruling 96-8p. If the agency receives inadequate information from a claimant's treating doctor or other medical source to make a disability determination, the agency will need additional information to make its decision. 20 C.F.R. §404.1512(e). Pursuant to the regulations, the ALJ may recontact a "medical source." *Id.*

Discussion

Plaintiff's RFC included the limitation that he is "limited to occupations which allow brief access to a restroom every 2 to 2 and a half hours during the workday." Tr. 21. Plaintiff claims that this determination is not supported by the record. This Court agrees.

In the October 20, 2009 hearing, Plaintiff testified that when he worked for TCS Communications in 2009, it was necessary for him to take restroom breaks every 45 to 60 minutes. Tr. 53. From a review of the entire record, this Court finds no evidence to support the ALJ's determination that the required frequency of restroom breaks is actually two to two and a half hours. The ALJ's first hypothetical to the VE included the limitation of brief access to a restroom every two to two and one half hours during the workday. With this limitation the VE testified that the Plaintiff would be able to perform sedentary, unskilled work such as a jewelry preparer, a charge account clerk, and a final assembler in the eye glass industry. Tr. 65-66. The ALJ then amended his hypothetical to include the need for brief access to a restroom every one and a half to two hours

5

during the workday. Tr. 67.  The VE testified that such a limitation would eliminate the above three

jobs because it is "rare for an employer to allow a break more often than every two hours." Tr. 67.

Based on the VE's testimony, it is clear that developing an adequate record regarding the

required frequency of restroom breaks is critical in determining whether jobs exist in the national

economy that Plaintiff can perform. Accordingly, this Court must remand this case for the ALJ to

develop an adequate record on this issue.

**2.   The ALJ Erred in Assessing the Medical Evidence.**

Plaintiff raises various issues regarding his claim that the ALJ erred in assessing the medical

evidence, but the issues are primarily centered around the consultative examination of Plaintiff by

Dr. Ramos, the opinion given by Dr. Ramos, and the weight the ALJ gave to that opinion.  As

discussed below, this Court finds that the ALJ failed to adequately develop the record regarding the

meaning of Dr. Ramos's conclusion that the claimant could "sit, stand, walk, lift, carry, handle small

objects, hear, speak, and travel 'but with difficulty' because of ...pain."[1]

Sylvia M. Ramos, M.D. performed a consultative examination on Plaintiff on April 3, 2008

at the request of Disability Determination Services. Tr. 258.  In response to the question of what

claimant could still do, Dr. Ramos wrote, "He can sit, stand, walk, lift, carry, handle small objects,

hear, speak, and travel but with difficulty because of the intermittent shooting and the ongoing dull

pains." Tr. 261. The ALJ stated that he considered Dr. Ramos's opinion, but found that he did not

afford the opinion "much weight" because the ALJ found that Dr. Ramos relied heavily on the

claimant's subjective reports of symptoms and limitations, and the ALJ questioned the reliability

---

[1]The Court declines to reach the other issues raised regarding Dr. Ramos as they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

of these reports. Tr. 24.

Because the ALJ admittedly afforded Dr. Ramos's opinion some weight, the question becomes what exactly was weight being given to.  Dr. Ramos believes that the claimant could perform certain actions, but "with difficulty."  It is unclear to the Court as to what degree of difficulty Dr. Ramos meant: a small amount of difficulty, a moderate amount of difficulty, or a great amount of difficulty.  Because the ALJ afforded some weight to Dr. Ramos's opinion, the record needed to be developed regarding the meaning of "with difficulty." The ALJ could have recontacted Dr. Ramos for clarification. 20 C.F.R. §404.1512(e).  Accordingly, on remand the ALJ is ordered to develop the record more fully concerning the meaning of "with difficulty."

Furthermore, this Court notes that while Dr. Ramos suspected that Plaintiff was experiencing neurogenic pain relating back to his 2006 colostomy, she also recommended an evaluation by a gastroenterologist to rule out a partial bowel obstruction that could be causing some or all of his pain. Tr. 261. On September 24, 2008, approximately five months after Dr. Ramos's evaluation, Plaintiff had major surgery for an anastomotic stricture, which is a bowel obstruction. Tr. 279.  Over a year elapsed between the surgery and the administrative hearing, but there is no medical evidence in the file addressing what would appear to be the most pertinent question about the surgery, i.e., did it resolve, or even ameliorate, the pain Plaintiff was experiencing when he was evaluated by Dr. Ramos?  In the absence of a negative answer to that question it's unclear to the Court that Dr. Ramos' report is of any relevance whatsoever.  Furthermore, it would appear to the Court that a gastroenterologist familiar with Plaintiff's 2008 surgical procedure could shed valuable light on whether or not the need to use the bathroom frequently is an expected consequence of the surgery. Because this case is being remanded, the ALJ should ensure that the medical record is fully developed.

7

### 3. **The ALJ Applied an Incorrect Burden of Proof at Step Five**

The ALJ inaccurately stated that at step five, "the claimant generally continues to have the burden of proving disability at this step," although "a limited burden of going forward with the evidence shifts to the Social Security Administration." The Tenth Circuit has explained that if the claimant established at step four that he cannot return to his past relevant work, the burden of proof shifts to the Commissioner at step five to show he retains the RFC to perform work in the national economy, given his age, education and work experience. *Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005). In an unpublished opinion, the Tenth Circuit stated that "[t]he claimant has no burden at step five." *Stewart v. Shalala,* 999 F.2d 548 at *1 (Table, Text in Westlaw), 1993 WL 261958 (10th Cir. Jun. 28, 1993) (citing *Thompson v. Sullivan,* 987 F.2d 1482, 1491 (10th Cir. 1993)). Therefore, on remand the ALJ should revise his summary of the five-step process in accordance with relevant legal standards.

### 4. **Remaining Alleged Errors by Plaintiff.**

The Court declines to reach the other issues on appeal as they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

### Conclusion

For the foregoing reasons, this Court finds that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**