IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DEAN RIVERA,

    Plaintiff,

v.                                                                       No. 10-cv-0305 SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

    Defendant.

### ORDER GRANTING MOTION FOR ATTORNEY FEES
### PURSUANT TO § 42 U.S.C. 406(b)

THIS MATTER is before the Court on Plaintiff's Motion for an Order Authorizing Fees Pursuant to 42 U.S.C. § 406(b), With Supporting Memorandum [Doc 25], filed May 22, 2013. The Commissioner responded on June 6, 2013, but declined to assert a position on the Motion because she is not the true party at interest. Defendant's Response . . . [Doc. 27]. After careful consideration of the pertinent law and the briefing, the Court concludes that Plaintiff's fee request for $5,818.50 is reasonable and should be authorized.

### PROCEDURAL BACKGROUND

Plaintiff instituted an action in this Court in April 2010 seeking judicial review of Defendant's denial of his application for Social Security disability benefits. [Doc. 1]. This Court granted Plaintiff's Motion to Reverse and Remand for a Hearing . . . [Doc. 15] and remanded this case for further proceedings. Memorandum Opinion and Order [Doc. 19].

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

Following remand, Plaintiff filed a Motion seeking fees to pay his attorney pursuant to Equal Access to Justice Act ("EAJA") in the amount of $4,293.25. Motion for Attorney Fees Under Equal Access to Justice Act . . . [Doc. 20]. That Motion was granted on March 1, 2011. Order . . . [Doc. 23].

Following this Court's remand, the Social Security Administration found Plaintiff to be disabled and entered a fully favorable decision on April 13, 2012. Motion [Doc. 25] at 1. Plaintiff was notified on July 2, 2012, that the Social Security Administration had determined that he was entitled to past-due benefits totaling $47,274.00, but was withholding 25% of the those benefits, $11,818.50, in order to pay Plaintiff's attorney. *Id.* at 1–2. Of that portion, the Commissioner has already paid Counsel $6,000.00 minus an $88.00 user fee for administrative services. *Id.* at 2.

Plaintiff had entered into a contingent fee arrangement with the Martone Law Firm, P.A. wherein he agreed that his attorney would receive 25% of any past due benefits received from the agency in the event of a favorable agency decision. *Id.* Counsel now seeks authorization from this Court to receive $5,818.50 to compensate for legal services. *Id.* at 1. That amount, combined with the fee award from the SSA ($6,000), would result in Plaintiff's Counsel receiving exactly 25% of the back benefits award—in other words, the exact amount anticipated by the contingent fee contract. Counsel has documented 23.7 hours of legal work in an affidavit attached to Plaintiff's Motion. *Id.* at 4–5. Counsel states that he will refund to Plaintiff the

EAJA award of $4,293.25 minus the amount due for gross receipts tax and advanced costs.[2] *Id.* at 2.

## ANALYSIS

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 493, 496 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. *Id.* at 807 n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

---

[2] The amount that Counsel calculates for gross receipt tax is: ($6,000 − $88.00 + $5,818.00) x 7% = $821.13. Motion [Doc. 25] at 2. Counsel further states that advanced costs totaled $118.25, for copies of medical records from UNM Hospital, First Choice Community Healthcare, and Presbyterian Hospital. *Id.* Thus, the total for gross receipts tax and advanced costs is $821.13 + $118.25 = $939.38. *See id.*

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808.  Factors relevant to the reasonableness of the fee request include (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.  *Id.*  A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases.  *Id.*  The statute does not specify a deadline for requesting fees.  *See* 42 U.S.C. § 406(b).  The Court of Appeals for the Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that Martone Law Firm's representation of Plaintiff was more than adequate and they obtained a fully favorable decision.  Martone Law Firm did not delay the proceedings before this Court.  The instant Motion was filed approximately 10 months after Plaintiff received notice that he was entitled to past-due benefits, which the Court finds reasonable.  Additionally, the fee is not disproportionately large in comparison to the amount of time spent on the case, which was 23.7 hours on Plaintiff's case and awarding the requested attorney fees of $5,818.50 would result in an hourly fee of $245.50.  The Court notes that this fee award is within the range of other fee awards authorized in this District under 406(b).  *See, e.g.*, [Doc. 30] in *Cordova v. Astrue*, case no. 10-cv-1165 CG/WDS (D.N.M. August 29, 2012) (unpublished) (authorizing $10,105 for 18.9 hours, or $529.00 per hour); *Dimas v. Barnhart*,

4

[Doc. 34] in case no. 03-cv-1157 RHS (D.N.M. Dec. 18, 2007) (unpublished) (authorizing $17,000 for 38.26 hours, or $444.23 per hour).

## CONCLUSION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for an Order Authorizing Fees Pursuant to 42 U.S.C. § 406(b), With Supporting Memorandum [Doc 25] is **GRANTED**. The SSA Commissioner is **ORDERED** to pay Plaintiff's Counsel $5,818.50 for legal services rendered before this Court.

Moreover, Plaintiff's Counsel is **ORDERED** to refund to Plaintiff the $4,293.25 awarded under EAJA.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**